IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0795-11





WILTON LARRON MAHAFFEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


 HENDERSON COUNTY





 Keller, P.J., filed a dissenting opinion in which Price and Keasler,
JJ., joined.


 The traffic sign in this case read, "lane ends, merge left." From this sign, we know that the
right lane ended. If a person's lane ends, that person must change lanes to continue driving down
the roadway. And changing lanes means he must signal. I agree with the court of appeals, which
stated:

 When the right-hand lane ended, Appellant continued driving in the other southbound
lane, previously the lane to his left, that had not ended. To reach that remaining lane,
Appellant had to make a leftward lateral maneuver as he departed that lane for
another. (1) 


 Because appellant's lane ended, (2) he was required to move into another lane, and he was
required to signal before doing so. I would hold that the court of appeals correctly found that
appellant executed a lane change without signaling. 

 I respectfully dissent. 


Filed: April 25, 2012

Publish
1. Mahaffey v. State, NO. 12-08-00430-CR, 2011 Tex. App. LEXIS 1507, at 12 (March 2,
2011) (not designated for publication). 
2. The "merge left" language on the sign does not mean that the lanes merge; it is an
instruction to drivers in the right lane. Had the sign said "lanes merge," I would agree that no lane
change occurred.